UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
ANDRE JEAN-GILLES,

                       Plaintiff,
*on behalf of himself and all others similarly situated,*

                     -against-

PARAGON SYSTEMS, INC.,

                       Defendant.
-------------------------------------------------X

CIVIL ACTION NO. 22CV1363

**COLLECTIVE & CLASS ACTION COMPLAINT**

**PLEASE TAKE NOTICE** that Plaintiff, on behalf of himself and all others similarly situated, as and for a Collective and Class action Complaint against Defendant, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this collective and class action on behalf of similarly situated hourly employees (the "Collective"), to seek redress for underpayment of overtime wages against Defendant, who is a provider of security services for its clients in and around the City of New York and its metropolitan area.

2. Defendant, by failing to pay Plaintiff and the Collective and the Class the federal and state mandated overtime wage, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq* and the New York Labor Law ("NYLL") §§ 650 *et seq.*

3. Plaintiff brings this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since March 2019 who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), to remedy Defendant's violations of the wage and hour provisions of the FLSA which deprived Plaintiff and others similarly situated of their lawful overtime wages.

4. Plaintiff also brings this action on behalf of himself and all similarly situated current and former hourly employees of Defendant since March 2016 who elect to not opt out of this action pursuant to Fed.R.Civ.P. 23, to remedy Defendant's violations of the wage and hour provisions of the NYLL which deprived Plaintiff and others similarly situated of their lawful overtime wages.

5. Plaintiff hereby seeks legal and declaratory relief against Defendant pursuant to federal and New York statutes.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a) as Defendant resides, conducts business and employed Plaintiff in this judicial district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff was and is an adult individual who, at all times relevant to this Complaint, has been a resident citizen of the state of New York, County of Nassau.

10. At all times relevant to this Complaint, Plaintiff was and is an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e) and NYLL § 651.

11. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA and NYLL.

12. Defendant Paragon Systems, Inc. ("PSI") is a foreign business corporation doing business within the state and City of New York that maintains its principal place of business at 13655 Dulles Technology Drive, Suite 300, Herndon, VA 20171. PSI provides security services to its clients, including the United States government, throughout the state of New York.

13. Defendant was at all times herein relevant an FLSA enterprise, with over 500 employees, engaged in and/or affecting interstate commerce with annual revenues in excess of $500,000.00 and locations in Virginia, New York and other states.

14. Plaintiff, the Collective and the Class worked for Defendant in interstate commerce using the mails and wires and handling items which moved in interstate commerce, including but not limited to pens, papers, two-way radios, firearms, handcuffs, tasers, computers, office furniture, office equipment, office supplies, telephones, text messages, internet, email *inter alia*.

**STATEMENT OF FACTS**

15. Defendant at all relevant times herein employed Plaintiff as a security guard in the security services industry.

16. Plaintiff worked for Defendant full-time as a security guard from February 2009 until present at the federal building located at 290 Broadway, New York, NY 10007.

17. The job duties of Plaintiff, the Collective and the Class included, but were not limited to the following: providing security guard services, general labor; customer service; heavy and light cleaning and material moving, credentialing, escorting visitors, etc.

18. Defendant had the right to control, and in fact did control, and determined the duties, hours, hourly pay, frequency of pay, assignments, post of duty and schedule of Plaintiff, the Collective and the Class. Plaintiff, the Collective and the Class were paid on a W-2 basis and evaluated by Defendant.

19. Plaintiff, the Collective and the Class worked eight (8) or twelve (12) hour shifts for Defendant and at all times herein relevant Defendant required Plaintiff and the Collective to attend to and monitor their assigned posts throughout the duration of their respective work shifts; and controlled the manner in which Plaintiff did so in terms of frequency, priority and documentation, *inter alia*.

20. Defendant at all times monitored Plaintiff, the Collective and the Class' compliance with Defendant's guidelines, procedures and policies to ensure compliance therewith in the discharge of Plaintiff's job duties.

21. Throughout the duration of Plaintiff, the Collective and the Class' respective tenures, Defendant required them to punch in and out contemporaneously every day in order to track hours worked.

22. Defendant paid Plaintiff, the Collective and the Class on an hourly basis with overtime payments after forty (40) hours per week.

23. Throughout the duration of Plaintiff, the Collective and the Class' respective tenures, Defendant paid Plaintiff, the Collective and the Class hourly differential pay pursuant to contractual arrangement which it entitled 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP'.

24. At all relevant times, Defendant failed to pay Plaintiff, the Collective and the Class overtime wages based on the correct 'regular rate' for hours worked in excess of forty (40) per week, in violation of the overtime provisions of the FLSA and NYLL, due to Defendant's exclusion of 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' from the overtime calculation.

25. For example, during the week of 10/08/21-10/14/21, Plaintiff worked Sunday and Monday from 8:00 am to 4:00 pm; and Tuesday, Wednesday and Thursday from 6:00 am to 6:00 pm; for 52 hours. Defendant paid Plaintiff overtime wages for that week, but failed to include in its overtime calculation the 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' that Plaintiff received. (Attached as Exhibit 1).

26. For example, during the week of 09/24/21-9/30/21, Plaintiff worked Monday from 6:00 am to 4:30 pm; and Tuesday, Wednesday and Thursday from 6:00 am to 6:00 pm, for 44.5 hours. Defendant paid Plaintiff overtime wages for that week, but failed to include in its overtime calculation the 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' that Plaintiff received. (Attached as Exhibit 2).

27. As part of its regular business practice, Defendant intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and NYLL, including but not limited to, failing to pay Plaintiff, the Collective and the Class one and one half times their respective regular rates of pay for all hours worked in excess of forty (40) per week.

28. Upon information and belief, Defendant's unlawful conduct as described herein was pursuant to a policy or practice of attempting to minimize labor costs by violating the FLSA and NYLL.

29. Defendant's unlawful conduct has been widespread, repeated and consistent; and was not undertaken based on advice of counsel nor guidance from a competent court or governmental agency.

30. Throughout Plaintiff's tenure, Defendant provided Plaintiff, the Collective and the Class with pay rate notices and wage statements that did not include the correct overtime pay rates, the employer's DBA name and the employer's telephone number, *inter alia*.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

**COLLECTIVE ALLEGATIONS**

31. Plaintiff brings the FLSA claims on behalf of himself and all similarly situated persons who worked for Defendant as hourly non-exempt employees since March 2019, who worked more than forty (40) hours in any week and received 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' from Defendant during that time period ("FLSA Collective").

32. Defendant is liable under the FLSA for failing to properly pay the overtime wages for all hours worked greater than forty (40) per week by failing to include 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' in the 'regular rate' calculation. As such, notice should be sent to the FLSA Collective.

33. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join.

**CLASS ALLEGATIONS**

34. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

35. In addition to bringing this action as a proposed Collective action to remedy violations of the FLSA, Plaintiff also brings this action on behalf of a "Proposed Rule 23 Class", under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, and consisting of: all current and former hourly non-exempt employees since March 2016, who worked more than forty (40) hours in any week and received 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP' during that time period.

36. Upon information and belief, the persons in the Proposed Class are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Proposed Class is so numerous that joinder is impracticable.

Law Office of David Wims, 1430 Pitkin Avenue, 2nd Floor, Brooklyn, New York 11233, (646) 393-9550, fax – (646) 393-9552, dwims@wimslaw.com, http://www.wimslaw.com.

37. The claims of Plaintiff are typical of the claims of the Proposed Class, and a Rule 23 class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

38. The Defendant has acted on grounds generally applicable to the Proposed Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Proposed Class as a whole.

39. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

40. Plaintiff will fairly and adequately protect the interests of the Proposed Class. Plaintiff understands that, as a class representative, he assumes a fiduciary responsibility to the Class Members to represent their interests fairly and adequately, and that Plaintiff must consider their interests just as he would represent and consider his own interests, and that he may not favor their own interests over those of the Class Members.

41. Plaintiff recognizes that any resolution of a Rule 23 class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class. Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and that he may be called upon to testify in depositions and at trial.

42. Plaintiff has the same interests in this matter as all other members of the Proposed Class, and Plaintiff's claims are typical of the Proposed Class.

43. There are questions of law and fact common to the Proposed Class which predominate over any questions solely affecting the individual members of the Proposed Class.

**FIRST CAUSE OF ACTION: FLSA OVERTIME (29 U.S.C. §§ 206, 216)**
**(On Behalf of Plaintiff and Collective Members)**

44. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

45. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

46. Plaintiff consents to be a party to this action, pursuant to 29 U.S.C. § 216(b).

47. At all times relevant to this action, Plaintiff and the Collective were employed by Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

48. At all times relevant to this action, Plaintiff and the Collective were engaged in commerce and Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. Defendant violated the rights of Plaintiff and the Collective by failing to pay overtime compensation at a rate not less than one and one-half times the regular rates of pay for each hour worked in excess of forty (40) per week, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

50. Defendant's failure to pay Plaintiff and the Collective overtime compensation was willful within the meaning of the FLSA, 29 U.S.C. § 255.

51. Defendant is liable to Plaintiff and the Collective who opt in to this action for their unpaid overtime compensation, plus an additional equal amount as liquidated damages, reasonable attorney's fees and costs, and any other appropriate relief pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION: NY OVERTIME WAGES (Labor Law §§ 652, 663)**
**(On Behalf of Plaintiff and Class Members)**

52. Plaintiff alleges and incorporates by reference the allegations contained in all preceding paragraphs.

53. At all times relevant to this action, Plaintiff and the Class were Defendant's employees within the meaning of NYLL § 651(5).

54. At all times relevant to this action, Defendant was the employer of Plaintiff and the Class within the meaning of NYLL § 651(6).

55. At all times relevant to this action, Defendant failed to pay Plaintiff and the Class overtime wages for all hours worked greater than forty (40) per week in violation of NYLL § 652 and 12 N.Y.C.R.R. § 141-1.4

56. Defendant willfully violated the rights of Plaintiff and the Class by failing to pay overtime wages due and owing for work performed in violation of NYLL.

57. Due to Defendant's NYLL violations, Plaintiff and the Class are entitled to recover from Defendant all unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to NYLL § 663.

**THIRD CAUSE OF ACTION: NY WAGE THEFT (Labor Law §§ 195, 198)**
**(On Behalf of Plaintiff and Class Members)**

58. Plaintiff repeats the foregoing paragraphs in their entirety.

59. At all times relevant to this action, Plaintiff and the Class were Defendant's employees within the meaning of NYLL § 190(2).

60. At all times relevant to this action, Defendant was the employer of Plaintiff and the Class within the meaning of NYLL § 190(3).

61. Defendant failed to provide Plaintiff and the Class with pay rate notices and wage statements that contained all required information, such as hourly and overtime pay rates, hours worked, overtime hours worked, employer's DBA name, employer's telephone number, etc.

62. As a result of the foregoing, Defendant violated NYLL §§ 195(1) and (3) and Plaintiff and the Class are entitled to recover civil penalties and record-keeping violation liability from Defendant for the duration of said violations.

63. By reason of the aforesaid statutory violation, Defendant is liable to Plaintiff and the Class.

64. Defendant willfully violated the rights of Plaintiff and the Class by the aforementioned course of action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be permitted to give notice of this Collective action, or that the Court issue such notice to all persons who are or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised notice, been employed by Defendant as an hourly employee, worked more than forty (40) hours in any week during said period and received 'H&WPLAN', 'COVIDREADY' and/or 'COVIDH&WP'. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they so choose;

B. An award of unpaid overtime, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 216 and New York Labor Law §§ 663 and 198;

C. An award of liquidated damages pursuant to 29 U.S.C. § 216 and NYLL §§ 663 and 198;

D. Certification of this case as a Collective action pursuant to 29 U.S.C. § 216 and a Class action pursuant to FRCP 23;

E. Designation of Plaintiff as representative of the Collective and Class, and counsel of record as Collective and Class Counsel; and

F. Issuance of a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

**DEMAND FOR TRIAL BY JURY**

Pursuant to FRCP 38(b), Plaintiff demands a trial by jury on all questions of fact.

Dated: Brooklyn, New York

February 17, 2022

                                                /s/
                                       LAW OFFICE OF DAVID WIMS
                                       BY: David C. Wims, Esq. (DW-6964)
                                       *Attorneys for Plaintiff*
                                       1430 Pitkin Ave., 2nd Fl.
                                       Brooklyn, NY 11233
                                       (646) 393-9550